UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH WOODS,

                Petitioner,

v.

SUPERINTENDENT, Clinton
Correctional Facility,

                Respondent.

9:19-CV-505
(GLS)

---

APPEARANCES:

JOSEPH WOODS
Petitioner pro se
15-A-2130
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

HON. LETITIA JAMES
Attorney for Respondent
New York State Attorney General
28 Liberty Street
New York, NY 10005

OF COUNSEL:

MARGARET A. CIEPRISZ
Assistant Attorney General

GARY L. SHARPE
Senior United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

Petitioner Joseph Woods filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). On April 30, 2019, the Court administratively closed the action because it had not been properly commenced: petitioner did not pay the statutory filing fee or file a properly certified in forma pauperis (IFP) application; however, the Court afforded petitioner another opportunity to comply with this requirement. Dkt. No. 2.

On May 16, 2019, petitioner remitted the statutory filing fee, and the case was reopened. Dkt. No. 3; Entry of May 16, 2019 (indicating receipt number for paid filing fee); Dkt. No. 4. After an initial review, the Court directed respondent to answer the petition. Dkt. No. 5.

Thereafter, the Court received petitioner's motion to stay and motion to appoint counsel, Dkt. Nos. 9, 11, respondent's response to the application for a stay, Dkt. No. 12, and petitioner's reply in support of same, Dkt. No. 13.

For the reasons which follow, both motions are denied.

## II. PENDING HABEAS PETITION

Petitioner challenges a 2015 judgment of conviction in Supreme Court in Albany County, upon a guilty plea, of fourth degree criminal possession of a controlled substance. Pet. at 1-2; *see People v. Woods*, 150 A.D.3d 1560, 1560 (3rd Dep't 2017). The New York State Supreme Court, Appellate Division, Third Department, affirmed the conviction on direct appeal and, on July 28, 2017, the New York State Court of Appeals denied leave to appeal. *Woods*, 150 A.D.3d at 1562, *lv. denied*, 29 N.Y.3d 1095 (2017); *see* Pet. at 2-3. Petitioner subsequently filed several other motions collaterally attacking his conviction pursuant to New York Criminal Procedure Law § 440.10 ("440 motion"). Pet. at 3-4.

Petitioner contends that he is entitled to federal habeas relief because (1) petitioner's Fourth Amendment rights were violated when he was illegally searched and arrested without probable cause (Pet. at 5-6); (2) petitioner's trial counsel was ineffective (*id.* at 7-8); (3) there was prosecutorial misconduct, namely demonstrated by the indictment being based on false evidence (*id.* at 8-10); (4) the plea was neither voluntary nor knowing because he was

unaware at the time that he pled guilty that law enforcement lacked probable cause to arrest and search him (*id.* at 10-11); and (5) the trial court erred when it failed to facilitate the withdrawal of petitioner's plea after petitioner allegedly violated the plea agreement (*id.* at 16). For a more complete statement of petitioner's claims, reference is made to the petition.

### III. MOTION TO STAY

Petitioner has filed the present motion in order to stay the proceedings while he exhausts two additional claims via another 440 motion. Dkt. No. 9; Dkt. No. 9-2 ("440 motion") at 1. Specifically, petitioner's 440 motion argues that (1) the trial court did not have jurisdiction over petitioner because neither the People nor the Court filed an indictment against petitioner in direct contravention of the New York Criminal Procedure Law (440 motion at 1, 5) and (2) "the integrity of the criminal justice system was impaired when the Albany District Attorney," presented two true bills of indictment which were incorrectly dated – "filed 8 months before an alleged crime was committed" – and had signatures on them which were not identical to one another (440 motion at 6-8).

In opposition to petitioner's motion, respondent argues that a stay is inappropriate because the petition is not mixed. Dkt. No. 12 at 2. Specifically, respondent contends that petitioner's claims were not initially in his present petition and amending the petition to include said claims is futile because the claims are either not cognizable or procedurally barred. *Id.* at 2-3. Moreover, respondent argues that petitioner has not provided any reason for his failure to exhaust his claims or any basis for the Court to conclude that the claims are not plainly meritless. *Id.* at 3.

Petitioner replies that "[t]he claims that [he] raise[s] in [his 440 motion] . . . [are] in line

3

with the same constitutional violations that are being raised in the present habeas corpus, mainly the 5 and 14 Const. Amendments." Dkt. No. 13 at 1. Further, petitioner contends that the documentary proof he attached to his motion to stay demonstrates that his claims are meritorious. *Id.* at 2. Lastly, petitioner states his intention to move to amend his petition "once [the claims are] . . . exhausted in the state court that, [Supreme] Court did not have jurisdiction of the action or the person of the [petitioner]." *Id.*

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 277. While there is no exact definition of what constitutes good cause,

> [d]istrict courts in this Circuit have primarily followed two different approaches . . . Some courts find "that a petitioner's showing of 'reasonable confusion' constitute[s] good cause for failure to exhaust his claims before filing in federal court." . . . Other courts require a more demanding showing – that some external factor give rise to the petitioner's failure to exhaust the claims.

*Knight v. Colvin*, No. 1:17-CV-2278, 2019 WL 569032, at *4 (E.D.N.Y. Feb. 11, 2019) (internal citations omitted).

Respondent's assertions are correct: petitioner has failed to satisfy the first prong of the *Rhines* standard. To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that the petitioner raise all claims in state

4

court prior to raising them in a federal habeas corpus petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

During petitioner's direct appeal, petitioner contended that (1) the trial court erred in enhancing petitioner's sentence after he allegedly violated the conditions of his plea agreement and (2) the enhanced sentence he received was harsh and excessive. *Woods*, 150 A.D.3d at 1561-62. These claims were denied on the merits. *Id.* In petitioner's prior 440 motions, he argued that (1) he was arrested without probable cause; (2) his counsel was ineffective; (3) his plea was not knowingly and voluntarily made; and (4) the conviction was based on an indictment supported by false evidence. Pet. at 3-4. By petitioner's own representation, these were the only assertions made in the prior 440 motions of all which were denied. *Id.* It is unclear, though presumed, that said denials were on the merits. Accordingly, petitioner has arguably exhausted the five claims he presently asserts in his habeas petition through his direct appeal and two prior 440 motions. However, no where in the petition or direct appeal did petitioner assert that he raised the two claims regarding the trial court's jurisdiction over him which he now asserts during his pending 440 motion.

Petitioner's retort that his claims are "in line with the same constitutional violations that are being raised in the present habeas corpus [petition]," is insufficient to establish that he

5

exhausted these claims in state court. In order to properly procedurally and substantively exhaust the two new claims, petitioner would have had to fairly present them to the state court – alerting the court to the federal nature of such claims – and allow the state courts the opportunity to rule on the claim. *See O'Sullivan*, 526 U.S. at 845. Vague contentions of due process and Fifth Amendment violations alone are insufficient to fairly present issues to the state court. *See Grady v. LeFevre,* 846 F.2d 862, 864 (2d Cir. 1988) (holding general reference to "constitutional rights" was insufficient to alert the state court to a confrontation clause issue); *Petrucelli v. Coombe*, 735 F.2d 684, 688 (2d Cir. 1984) ("[A] mere statement that 'due process' rights have been violated does not necessarily give rise to a specific federal constitutional claim. 'Due process,' like 'fair trial,' can be a catchphrase used by habeas petitioners as part of an allegation about any type of trial error, including errors in rulings based on state law."). Instead, such claims have to be presented with some sort of particularity. *See Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 193 (2d Cir. 1982) ("The more specific the description of the right in question – e.g. assistance of counsel, double jeopardy, self-incrimination – the more easily alerted a court will be to consider a constitutional constraint . . . The greatest difficulty arises when in the state court the petitioner has described his claims in very broad terms[.]") Pursuant to petitioner's own allegations, he has, at best, alluded to the claims he currently seeks to exhaust in his prior submissions. This is insufficient to satisfy the exhaustion requirement. Accordingly, the petition is not mixed.

To the extent petitioner wishes to also include such claims in his pending petition, he cannot do so through a motion to stay. Similarly, he cannot create a mixed petition by arguing his intentions to include new claims. *See Hall v. Woods*, No. 7:07-CV-9264, 2012

WL 2864505, at *5 (S.D.N.Y. July 12, 2012) ("Since Hall's petition currently contains only exhausted claims, the Court cannot treat his petition as 'mixed' for purposes of considering a stay under Rhines. Hall's request for a stay is therefore premature. In order to assert his new . . . unexhausted claim, Hall must move to amend his petition[.]") (citations omitted); *Spells v. Lee*, No. 1:11-CV-1680, 2011 WL 2532907, at *1 (E.D.N.Y. June 23, 2011) (concluding that petitioner's motion to stay was "premature" because his "petition contain[ed] only exhausted claims" and he had not yet filed a motion to amend the petition to add the unexhausted claim); *Mills v. Girdich*, No. 1:03-CV-0341, 2008 WL 4371362, at *1 (W.D.N.Y. Sept. 17, 2008). Because petitioner's proposed claims are not currently contained in his habeas petition, granting him a stay to exhaust those claims would serve little purpose.

Accordingly, because the petition is not mixed, petitioner's motion, (Dkt. No. 9), is denied.

Alternatively, even if petitioner had successfully established a mixed petition, petitioner still failed to demonstrate a stay is warranted. Regardless of the approach this Court adopts, petitioner has not alleged any facts that would support a finding of good cause for failing to present all of his claims to the appropriate state courts prior to filing this petition. *See Rhines*, 544 U.S. at 277.

Petitioner fails to provide any explanation for his delay in asserting the present claims. It appears that petitioner was aware of the basis for at least one of the present claims when he received a certified copy of the indictment almost two years ago, in November of 2017. *See* Dkt. No. 9-3 at 13. Accordingly, the factual basis underlying this claim was not elusive and was known to petitioner, at the latest, only a few months after the conclusion of his direct appeal. *See Holguin v. Lee*, No. 1:13-CV-1492, 2013 WL 3344070, at *3 (S.D.N.Y. July 3,

7

2013) (denying stay where petitioner was aware of the underlying facts at the trial's conclusion).

Further, to the extent petitioner is attempting to claim ignorance of the law and legal process – as potentially evidenced by his simultaneous motion to appoint counsel – such claims are insufficient to constitute an objective factor responsible for his failure to previously exhaust. "Districts courts cannot grant petitioner a stay of his habeas petition for the sole reason that petitioner failed to bring his claim earlier." *Knight*, 2019 WL 569032, at *5 (internal quotation marks and citations omitted). Moreover, petitioner's pro se status and inexperience with the law have consistently been deemed insufficient factors to establish good cause. *Craft v. Kirkpatrick,* No. 6:10-CV-6049, 2011 WL 2622402 at *10 (W.D.N.Y. Jul. 5, 2011) ("The Court has found no cases supporting the proposition that a petitioner's ignorance of the law constitutes 'good cause' for the failure to exhaust."); *Fink v. Bennett*, 514 F. Supp. 2d 383, 389 (N.D.N.Y. 2007) (explaining that "the mere failure of a petitioner to be aware of a particular area of the law," is insufficient to satisfy the good cause standard); *Stephanski v. Superintendent, Upstate Corr. Fac*., 433 F. Supp. 2d 273, 279 (W.D.N.Y. 2006) ("[A] petitioner's allegation that he is *pro se* and inexpert in the law does not provide sufficient 'cause' to excuse the failure to [properly exhaust .]").

Finally, the Court also agrees that federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); *see also Rodriguez v. Griffin*, No. 9:16-CV-1037 (DNH), 2017 WL 1283766, at *2 (N.D.N.Y. Apr. 5, 2017).

Because petitioner failed to demonstrate good cause, the Court need not consider whether petitioner's claims are plainly meritless. Accordingly, based on the foregoing,

2013) (denying stay where petitioner was aware of the underlying facts at the trial's conclusion).

Further, to the extent petitioner is attempting to claim ignorance of the law and legal process – as potentially evidenced by his simultaneous motion to appoint counsel – such claims are insufficient to constitute an objective factor responsible for his failure to previously exhaust. "Districts courts cannot grant petitioner a stay of his habeas petition for the sole reason that petitioner failed to bring his claim earlier." *Knight*, 2019 WL 569032, at *5 (internal quotation marks and citations omitted). Moreover, petitioner's pro se status and inexperience with the law have consistently been deemed insufficient factors to establish good cause. *Craft v. Kirkpatrick,* No. 6:10-CV-6049, 2011 WL 2622402 at *10 (W.D.N.Y. Jul. 5, 2011) ("The Court has found no cases supporting the proposition that a petitioner's ignorance of the law constitutes 'good cause' for the failure to exhaust."); *Fink v. Bennett*, 514 F. Supp. 2d 383, 389 (N.D.N.Y. 2007) (explaining that "the mere failure of a petitioner to be aware of a particular area of the law," is insufficient to satisfy the good cause standard); *Stephanski v. Superintendent, Upstate Corr. Fac*., 433 F. Supp. 2d 273, 279 (W.D.N.Y. 2006) ("[A] petitioner's allegation that he is *pro se* and inexpert in the law does not provide sufficient 'cause' to excuse the failure to [properly exhaust .]").

Finally, the Court also agrees that federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); *see also Rodriguez v. Griffin*, No. 9:16-CV-1037 (DNH), 2017 WL 1283766, at *2 (N.D.N.Y. Apr. 5, 2017).

Because petitioner failed to demonstrate good cause, the Court need not consider whether petitioner's claims are plainly meritless. Accordingly, based on the foregoing,

petitioner's motion to stay is denied.

## IV. MOTION TO APPOINT COUNSEL

Along with petitioner's present motion to stay, he also submitted a letter asking "how he can . . . get a lawyer to assist [him] with [his] federal habeas corpus [petition]?" Dkt. No. 11 at 1. Given the special solicitude granted to pro se inmates, this inquiry was liberally construed to be an application seeking court-appointed counsel.[1]

There is no constitutional right to representation by counsel in habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). A court may, in its discretion, appoint counsel for "any financially eligible person" where "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). In determining whether to appoint counsel, a habeas court

> should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986); *see Soto v. Walker*, No. 9:00-CV-0197 (TJM/DEP), 2005 WL 2260340, at *4 (N.D.N.Y. Sept. 15, 2005) (outlining the factors to "consider[:] the petitioner's likelihood of success on the merits of his petition, the complexity of legal issues raised by such application and the petitioner's ability to investigate

---

[1] To the extent the petitioner intended his letter to serve as a request for an attorney referral, such a request is granted in part as described below.

9

and present his case to the federal habeas court."). When a petitioner's claims may "'fairly be heard on written submissions,' a habeas petitioner's request for counsel should ordinarily be denied." *Reynolds v. Greene*, No. 9:05-CV-1539 (DNH), 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Brito v. Burge*, No. 1:04-CV-1815, 2005 WL 1837954, at *1 (S.D.N.Y. Aug. 3, 2005)). However, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases, counsel must be appointed if a hearing is required.

While the Court has not determined whether petitioner's claims are likely to be of substance, even assuming that to be true, it is clear that petitioner has not identified any "special reason" why appointing counsel to assist him is warranted. *Hodge*, 802 F.2d at 62. Petitioner did not provide any reasons why the appointment of counsel is presently necessary. However, when reviewing the content of the petition, it does not suggest that petitioner's claims "are overly complex" or that, at this point, "appointment of counsel would be more likely to lead to a just determination." *Brito*, 2005 WL 1837954 at *2 (citing *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). Further, without the benefit of respondent's answer and the relevant documentation regarding the underlying state criminal action, it is too early to determine whether a hearing is necessary. Accordingly, at this juncture, there appears to be no special reason to appoint counsel. Moreover, there is certainly nothing mandating the Court to do so.

Accordingly, at least at this time, the Court finds appointment of counsel is not warranted. Therefore, petitioner's motion is denied without prejudice.

**V. CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that petitioner's motion to stay(Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that petitioner's motion to appoint counsel (Dkt. No. 11) is **DENIED** without prejudice; and it is further

**ORDERED** that petitioner's request for an attorney referral (Dkt. No. 11) is **GRANTED IN PART** as follows: the Clerk is directed to send petitioner a copy of the "Lawyer Referral Services and Legal Aid Offices for the Thirty-Two (32) Counties in the Northern District of New York" for his consideration; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

August 14, 2019
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge