UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH WOODS,

                        Petitioner,

      v.                                               9:19-CV-505
                                                           (GLS)

SUPERINTENDENT,

                        Respondent.

---

APPEARANCES:                                  OF COUNSEL:

JOSEPH WOODS
Petitioner pro se
15-A-2130
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, NY 12821

HON. LETITIA JAMES                    MARGARET CIEPRISZ
Attorney for Respondent             Assistant Attorney General
New York State Attorney General
28 Liberty Street
New York, NY 10005

GARY L. SHARPE
Senior United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Petitioner Joseph Woods sought federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] On July 6, 2020, this Court denied and dismissed the petition in its entirety. Dkt. No. 28, Decision and Order ("July Order"); Dkt. No. 29, Judgment.

---

[1] Citations to the parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Petitioner then filed a request for an extension of time to file a Notice of Appeal, which was denied. Dkt. No. 30, Letter Motion; Dkt. No. 31, Text Order 0f July 15, 2020. Subsequently, petitioner filed the instant motion for reconsideration. Dkt. No. 33.

## II.  RECONSIDERATION

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. *See Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. N.Y.C. Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007).

Petitioner submitted a "reargument" of a portion of his habeas petition, arguing that he was entitled to reconsideration "because (1) the petitioner did not breach the plea agreement the lower Court did; (2) the sentence enhancement was not even based on what the petitioner was arrested for March 9, 2015; and (3) lawfully, the plea must be vacated and the case must be dismissed in it's entirety." Dkt. No. 33 at 4. Petitioner reiterates many substantive arguments and cites to three state cases — *People v. Parker*, 271 A.D.2d 63 (4th Dep't 2000); *People v. Outley*, 80 N.Y.2d 702 (1993), and *People v. McGirt*, 198 A.D.2d 101 (1st Dep't1993) — to support his assessment that his plea should have been withdrawn because he did not breach his plea agreement. *Id.* at 2-4.

Petitioner has not provided any reason which justifies reconsideration of the July

2

Order. Petitioner's citation to the three cases mentioned above, all concerning the appropriateness of sentencing enhancements following a plea deal, are an attempt to rehash arguments that this Court has already considered and rejected. July Order at 23-26. Petitioner has not demonstrated that any controlling decisions or material facts were overlooked that might have influenced the Court's July Order. In sum, petitioner's motion is nothing more than conclusory assertions which amount to little more than a disagreement with the Court's former orders. Petitioner's disagreement with this Court's decisions is not a basis for reconsideration. *See Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007). As a result, reconsideration of the Court's decision is not warranted.

### III.  RULE 60

Additionally, a provision of the Federal Rules of Civil Procedure also allow for reconsideration of final judgement. Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order or Proceeding.**
> On a motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud, misrepresentation, or misconduct;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; or
> (6) any other reason that justifies relief.

"The Supreme Court has recognized that Rule 60(b) applies in habeas corpus cases and may be used to reopen a habeas proceeding." *Flemming v. New York*, No. 1:06-CV-15226, 2013 WL 4831197, at *12 (S.D.N.Y. Sept. 10, 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)). "Importantly, Rule 60(b) is *not* a vehicle for rearguing the merits of the

3

challenged decision . . . [r]ather . . . Rule 60(b) provides relief only in exceptional circumstances." *Van Gorder v. Allerd*, No. 6:01-CV-6538, 2008 WL 822018, at *2 (W.D.N.Y. Mar. 26, 2008).

"A motion brought under Rule 60(b) must be made 'within a reasonable time' and motions brought under Rule 60(b)(1), (2), or (3) must be made within one year after the entry of judgment." *Flemming*, 2013 WL 4831197, at *12.  "The Supreme Court has interpreted subsection six as requiring a showing of 'extraordinary circumstances' to 'justify[] the reopening of a final judgment.'" *Reynolds v. Greene*, No. 9:05-CV-1539, 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Here, even under a liberal interpretation of this motion, petitioner has failed to allege facts demonstrating that any of the grounds listed in the clauses of Rule 60(b) apply or that extraordinary circumstances exist to warrant relief under the catch-all provision of Rule 60(b)(6).  Instead, petitioner seeks to again challenge the merits of his claim.  In sum, petitioner has not advanced an argument in response to the July Order's reasoning or otherwise provided information suitable to change the Court's prior decision.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for reconsideration (Dkt. No. 33) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules of Practice.

August 3, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge

4